IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 1:08-0729-MBS |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Ernest Curry, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Ernest Curry pleaded guilty on February 4, 2009 to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1), and knowing use and carrying of a firearm during and in relation to, and possession of the firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 21). On March 2, 2010, Defendant was sentenced to incarceration for a period of 181 months, consisting of 121 months as to Count 1 and 60 months as to Count 21, to be served consecutively. Judgment was entered on March 4, 2010.

This matter is before the court on Defendant's pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which motion was filed on May 30, 2013. Defendant seeks a reduction in sentence pursuant to the Fair Sentencing Act of 2010. Defendant requests the retroactive application both of Amendment 750 to the United States Sentencing Guidelines, and of the revisions to threshold amounts required to trigger a statutory mandatory minimum term of imprisonment.

With respect to Amendment 750, the court must determine the amendment guideline range that would have been applicable had Amendment 750 been in effect at the time Defendant was sentenced. See Dillon v. United States, 130 S. Ct. 2683, 2692 (2010). Prior to Amendment 750, Defendant was held accountable for 40,325.6 kilograms of marijuana equivalent, based on 28 grams

of cocaine and 2,016 grams of cocaine base attributed to him. Defendant's base offense level was 36; he received a 3-level increase for his role in the offense and a 3-level decrease for acceptance of responsibility, for a total offense level of 36. With a criminal history category of IV, Defendant's guideline range was 262-327 months incarceration.

Under the revised equivalency tables established by Amendment 750, Defendant would have been held accountable for 7,204 kilograms of marijuana equivalent. Defendant's base offense level would have been 34; with a 3-level increase for his role in the offense and 3-level decrease for acceptance of responsibility, Defendant's total offense level would have been 34, and his guideline range would have been 210-262 months incarceration.

However, Defendant statutorily was subject to a term of life in prison because he had two prior felony drug offenses. See 21 U.S.C. § 841(b)(1)(A); Information to Establish Prior Conviction, ECF No. 207. In exchange for Defendant's cooperation, the government withdrew a prior felony drug offense, which reduced Defendant's mandatory statutory sentence to 240 months. Thus, even had Amendment 750 been in effect at the time of sentencing, Defendant still would have been subject to a mandatory minimum sentence of 240 months.

In addition to withdrawing a prior felony drug offense, the government moved for a five-level departure pursuant to U.S.S.G. § 5K1.1. The court utilized an offense level of 34 (the lowest level in the criminal history category IV range reflecting 240 months) and further reduced Defendant's sentence to a level 29, for a guideline range of 121-151 months. As noted, Defendant was sentenced to 121 months for Count 1. The court's calculations were based on a 240 month mandatory minimum sentence and would not have changed had Amendment 750 been in effect at the time of sentence. Amendment 750 does not affect Defendant's sentence.

2

As to the statutory revisions to the FSA, these revisions apply only to offenders whose crimes preceded August 3, 2010, the effective date of the FSA, but who were sentenced after that date. Dorsey v. United States, 132 S. Ct. 2321 (2012). Defendant committed offenses commencing in 1997 for which he was sentenced in March 2010. The court is without jurisdiction to resentence Defendant pursuant to the statutory provisions set forth in the FSA.

Movant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 1086) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 20, 2013

### NOTICE OF RIGHT TO APPEAL

Movant hereby is notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.